Lindsey Doncost (SBN 333545)
**CALDWELL**
100 Wilshire Blvd, Suite 1800
Santa Monica, CA 90401
Telephone: (424) 229-2947
Email: lindsey@caldwellip.com

Andrew P. Alexander (BBO 710413)
(*pro hac vice* to be filed)
**CALDWELL**
200 Clarendon, 59th Floor
Boston, MA 02116
Telephone: (857) 263-2650
Email: andrew@caldwellip.com

Attorneys for Plaintiff
SherryWear, LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| SHERRYWEAR, LLC, | ) |
| Plaintiff, | ) Case No.: |
| v. | ) |
| RABBIT, LLC, | ) **COMPLAINT FOR PATENT INFRINGEMENT** |
| Defendant. | ) |
| | ) **DEMAND FOR JURY TRIAL** |

## NATURE OF THE ACTION

1. This is an action for willful direct and indirect infringement of Plaintiff SherryWear, LLC's U.S. Patent Nos. 11,051,561 ("the '561 Patent"), 10,869,510 ("the '510 Patent"), and 10,244,800 ("the '800 Patent") (collectively, "the patents-in-suit") in violation of the Patent Act, 35 U.S.C. § 271, based on Defendant Rabbit, LLC's unauthorized commercial

1

manufacture, use, offer for sale, sale, and marketing of its "Crusher Crop", "Bunny Hop Support & Pocket", "Crop Hop Support & Pocket", "Crop Hop Support & Pocket Tech", "Strappy Pocket Bra", and "UtiliBRA-vo" (collectively, the "products-in-suit") products in the United States.

2. SherryWear, LLC seeks injunctive relief to prevent Rabbit, LLC from continuing to infringe the patents-in-suit. In addition, SherryWear, LLC seeks to recover monetary damages resulting from Rabbit, LLC's past and ongoing infringement of the patents-in-suit.

## THE PARTIES

3. SherryWear, LLC ("SherryWear") is a Florida limited liability company with its principal place of business located at 1786 Cypress Lane, Vero Beach, Florida 32963.

4. Defendant Rabbit, LLC ("Rabbit") is a California limited liability company with its principal address at 1913 State Street, Santa Barbara, California, 93105, and its registered agent's address listed as 2717 Montorose Place, Santa Barbara, California, 93105.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. The Court has personal jurisdiction over Rabbit because it is formed under California law, its principal place of business is in this District, and it has directed its infringing activity into this District and beyond from within this District.

7. Venue lies in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400 because Rabbit resides in this District, and it has committed acts of direct and indirect patent infringement in this District while maintaining a regular and established place of business within this District.

## PATENTS-IN-SUIT

8. On July 6, 2021, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 11,051,561 ("the '561 Patent"), entitled "Pocket Bra System." A true and accurate copy of the '561 Patent is attached hereto as **Exhibit 1**. The '561 Patent relates to pockets positioned on the shoulder straps of bras.

9. On April 2, 2019, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 10,244,800 ("the '800 Patent"), entitled "Bra Pocket System." A true and accurate copy of the '800 Patent is attached hereto as **Exhibit 2**. The '800 Patent relates to pockets positioned on the back of bras.

10. On December 22, 2020, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 10,869,510 ("the '510 Patent"), also entitled "Bra Pocket System." A true and accurate copy of the '510 Patent is attached hereto as **Exhibit 3**. The '510 Patent also relates to pockets positioned on the back of bras.

11. SherryWear is the lawful assignee and exclusive owner of all right, title, and interest in and to the patents-in-suit, including rights to sue for acts of past, present, and future infringement.

## RABBIT'S ACTS INFRINGE THE PATENTS-IN-SUIT

12. Rabbit markets and sells at least six types of sports bras that each infringe at least one claim of a patent-in-suit and induce others to infringe claims of the patents-in-suit: (i) the "Crusher Crop" bra; (ii) the "Bunny Hop Support & Pocket" bra; (iii) the "Crop Hop Support & Pocket" bra; (iv) the "Crop Hop Support & Pocket Tech" bra; (v) the "Strappy Pocket Bra"; and (vi) the "UtiliBRA-vo" bra (collectively the "Infringing Products").

13. The Infringing Products are manufactured in China and are imported into the United States.

14. The Infringing Products are offered for sale and sold at retailers all over the United States. A map of Rabbit retailers, as advertised on Rabbit's website, is attached hereto as **Exhibit 4.**

15. Rabbit additionally offers for sale and sells the Infringing Products on its website as "sports bras & crops": https://www.runinrabbit.com/collections/sports-bras. A true and accurate above-the-fold copy of Rabbit's online store is attached hereto as **Exhibit 5** and incorporated herein by reference.

16. Rabbit has and continues to directly market each of the Infringing Products on a unique webpage, true and accurate copies of which are attached hereto as Exhibits **6[1], 7[2], 8[3], 9[4], 10[5], 11[6]** and are incorporated herein by reference.

### *i. Crusher Crop*

17. Rabbit's online marketing material specifies that the Crusher Crop has "2 front nutrition pockets" and that the Crusher Crop Race has "2 front internal pockets"—and that both products feature a "built-in sports bra." *See* **Exhibit 6.**

18. The Crusher Crop comprises features that match each element of Claim 19 of the '561 Patent, either literally or by the doctrine of equivalents, as further illustrated by the claim chart attached as **Exhibit**

---

[1] Ex. 6 is the Crusher Crop webpage at https://www.runinrabbit.com/products/crusher-crop-1.

[2] Ex. 7 is the Bunny Hop Support & Pocket webpage at https://www.runinrabbit.com/products/bunny-hop-support-pocket.

[3] Ex. 8 is the Crop Hop Support & Pocket webpage at https://www.runinrabbit.com/products/crop-hop-support-pocket.

[4] Ex. 9 is the Crop Hop Support & Pocket Tech webpage at https://www.runinrabbit.com/products/crop-hop-support-pocket-tech-1.

[5] Ex. 10 is the Strappy Pocket Bra webpage at https://www.runinrabbit.com/products/strappy-pocket-bra.

[6] Ex. 11 is the UtiliBRA-vo webpage at https://www.runinrabbit.com/products/utilibra-vo-black.

4

**12.**

### *ii. Bunny Hop Support & Pocket*

19. Rabbit's online marketing material specifies to purchasers that the Bunny Hop Support & Pocket has "a built-in sports bra and back pocket that fits most phones." **Exhibit 7.**

20. The Bunny Hop Support & Pocket comprises features that match each element of Claims 1, 2, 4, 5, 7, and 11 of the '510 Patent, either literally or by the doctrine of equivalents, as further illustrated by the claim chart attached as **Exhibit 13.**

21. When an item is positioned within the Bunny Hop Support & Pocket's back pocket, Claim 9 of the '510 Patent and Claims 1, 2, 4, 5, 7, 8 and 10 of the '800 Patent are directly infringed, as further illustrated by the claim charts attached as **Exhibits 13 and 14.**

22. As shown in Rabbit's marketing material wherein an item is inserted into the Bunny Hop Support & Pocket's back pocket, Rabbit has directly infringed Claim 9 of the '510 Patent and Claims 1, 2, 4, 5, 7, 8, and 10 of the '800 Patent. **Exhibit 7.**

### *iii. Crop Hop Support and Pocket*

23. Rabbit's online marketing material specifies to purchasers that the Crop Hop Support & Pocket has "a built-in sports bra and back pocket." **Exhibit 8.**

24. The Crop Hop Support & Pocket comprises features that match each element of Claims 1, 2, 7, 11, 12, and 15 of the '510 Patent, either literally or by the doctrine of equivalents, as further illustrated by the claim chart attached as **Exhibit 15**.

25. When an item is positioned within the Crop Hop Support & Pocket's back pocket, Claims 9 and 16 of the '510 Patent and Claims 1, 2, 4, 5, and 11 of the '800 Patent are directly infringed, as further illustrated

by the claim charts attached as **Exhibits 15 and 16**.

26. As shown in Rabbit's marketing material wherein an item is inserted into the Crop Hop Support & Pocket's back pocket, Rabbit has directly infringed Claims 9 and 16 of the '510 Patent and Claims 1, 2, 4, 5, and 11 of the '800 Patent. **Exhibit 8.**

### *iv. Crop Hop Support & Pocket Tech*

27. Rabbit's online marketing material specifies to purchasers that the Crop Hop Support & Pocket Tech has "a built-in sports bra and back pocket." **Exhibit 9.**

28. The Crop Hop Support & Pocket Tech comprises features that match each element of Claims 1, 2, 7, 11, 12, and 15 of the '510 Patent, either literally or by the doctrine of equivalents, as further illustrated by the claim chart attached as **Exhibit 17.**

29. When an item is positioned within the Crop Hop Support & Pocket Tech's back pocket, Claims 9 and 16 of the '510 Patent and Claims 1, 2, 4, 5, and 11of the '800 Patent are directly infringed, as further illustrated by the claim charts attached as **Exhibits 17 and 18.**

30. As shown in Rabbit's marketing material wherein an item is inserted into the Crop Hop Support & Pocket Tech's back pocket, Rabbit has directly infringed Claims 9 and 16 of the '510 Patent and Claims 1, 2, 4, 5, and 11 of the '800 Patent. **Exhibit 9.**

### *v. Strappy Pocket Bra*

31. Rabbit's online marketing material specifies to purchasers that "The little sister to the UtiliBRA-vo, the Strappy Pocket Bra shares the same great features: laser-cut, built-in pocket, minimal bounce, and total comfort." **Exhibit 10.**

32. The Strappy Pocket Bra comprises features that match each element of Claims 1, 2, 7, 11, 12, and 15 of the '510 Patent, either literally

or by the doctrine of equivalents, as further illustrated by the claim chart attached as **Exhibit 19**.

33. When an item is positioned within the Strappy Pocket Bra's back pocket, Claims 9 and 16 of the '510 Patent and Claims 1, 2, 4, 5, and 11 of the '800 Patent are directly infringed, as further illustrated by the claim charts attached as **Exhibits 19 and 20.**

34. As shown in Rabbit's marketing material wherein an item is inserted into the Strappy Pocket Bra's back pocket, Rabbit has directly infringed Claims 9 and 16 of the '510 Patent and Claims 1, 2, 4, 5, and 11 of the '800 Patent. **Exhibit 10.**

### *vi. UtiliBRA-vo*

35. Rabbit's online marketing material specifies to purchasers that the UtiliBRA-vo has a "laser-cut back pocket [that] fits most phones." **Exhibit 11.**

36. The UtiliBRA-vo comprises features that match each element of Claims 1, 2, 7, 11, 12, and 15 of the '510 Patent, either literally or by the doctrine of equivalents, as further illustrated by the claim chart attached as **Exhibit 21.**

37. When an item is positioned within the UtiliBRA-vo's back pocket, Claims 9 and 16 of the '510 Patent and Claims 1, 2, 4, 5, and 11 of the '800 Patent are directly infringed, as further illustrated by the claim charts attached as **Exhibits 21 and 22.**

38. As shown in Rabbit's marketing material wherein an item is inserted into the UtiliBRA-vo's back pocket, Rabbit has directly infringed Claims 9 and 16 of the '510 Patent and Claims 1, 2, 4, 5, and 11 of the '800 Patent. **Exhibit 11.**

39. Rabbit has never had authority or consent to use, make, offer, or sell any product or assembly covered by any of the patents-in-suit or to

use such products in a way that infringes any of the patents-in-suit; nor has it ever had authority or consent to induce others to do so.

40. On September 23, 2022, SherryWear sent Rabbit a letter identifying the Infringing Products and bases for infringement.

41. Despite Rabbit's knowledge of its infringement, Rabbit continues to make, use, offer for sale, sell, and import the Infringing Products; Rabbit now even advertises one of the Infringing Products as a "best seller."

42. Rabbit continues to engage in commercial activities described in this Complaint and is knowingly, deliberately, and willfully infringing and actively inducing others to infringe SherryWear's patents-in-suit.

## COUNT I

**Direct and Induced Infringement of the '561 Patent, 35 U.S.C. § 271**

43. SherryWear incorporates the foregoing paragraphs as if fully restated herein.

44. SherryWear is the lawful owner of and continues to maintain all right, title, and interest in and to the '561 Patent, including the right to sue thereon and the right to recover for infringement thereof.

45. Anyone who makes, uses, sells, offers to sell, or imports Rabbit's Crusher Crop directly infringes at least Claim 19 of the '561 Patent, literally or by the doctrine of equivalents; Rabbit has done and continues to do each of those infringing acts. **Exhibit 12.**

46. Third parties like resellers and end users also use, make, offer, or sell Rabbit's Crusher Crop, which likewise directly infringes Claim 19 of the '561 Patent; Rabbit knowingly, willfully, and intentionally induces those third parties to directly infringe the '561 Patent.

47. Rabbit likely learned at least as early as September 23, 2022, that these activities infringe Claim 19 of the '561 Patent.

48. Nevertheless, Rabbit continues to make, use, sell, offer to sell, and import the Crusher Crop in a manner that directly infringes Claims 19 of the '561 Patent and knowingly, intentionally, and actively induces others to do the same.

49. The foregoing actions constitute Rabbit's knowing, willful, and intentional past and ongoing direct and indirect infringement of the '561 Patent.

50. SherryWear has been and continues to be directly and proximately harmed by Rabbit's willful direct and induced infringement of the '561 Patent and is entitled to injunctive relief to prevent further harm and to damages adequate to compensate for Rabbit's infringement.

51. SherryWear is also entitled to enhanced damages and reasonable attorney fees adequate to compensate for Rabbit's willful infringement and other conduct.

## COUNT II

**Direct and Indirect Infringement of the '510 Patent, 35 U.S.C. § 271**

52. SherryWear incorporates paragraphs 1-42 as if fully restated herein.

53. SherryWear is the lawful owner of and continues to maintain all right, title, and interest in and to the '510 Patent, including the right to sue thereon and the right to recover for infringement thereof.

54. Anyone who makes, uses, sells, offers to sell, or imports Rabbit's Crop Hop Support & Pocket, the Crop Hop Support & Pocket Tech, the Strappy Pocket Bra, or the UtiliBRA-vo directly infringes at least Claims 1, 2, 7, 11, 12, and 15 of the '510 Patent, literally or by the doctrine of equivalents; Rabbit has done each of those infringing acts. **Exhibits 15, 17, 19, 21.**

55. On information and belief, third parties, including resellers and

9

end users, also offer, sell, or use those products, likewise directly infringing Claims 1, 2, 7, 11, 12, and 15 of the '510 Patent.

56. Anyone who removably inserts an item into the back pocket on any of those products directly infringes Claims 9 and 16 of the '510 Patent.

57. As demonstrated in Rabbit's marketing material, it removably inserts items (like phones) into the back pocket of those products, directly infringing Claims 9 and 16 of the '510 Patent. **Exhibits 8, 9, 10, 11.**

58. On information and belief, third parties including resellers and end-users have inserted and continue to insert items like phones into the pocket on those products.

59. As demonstrated by those products' designs and Rabbit's marketing materials for the same touting the products' infringing back pocket, Rabbit intentionally induces others to offer, sell, or use those products or removably insert items into those products' back pockets, any of which directly infringes the '510 Patent. **Exhibits 8, 9, 10, 11.**

60. Rabbit learned at least as early as September 23, 2022, that these activities directly infringe SherryWear's '510 Patent.

61. Nevertheless, Rabbit continues to make, offer, sell, import, and use those products in direct infringement of Claims 1, 2, 7, 9 11, 12, 15, and 16 of the '510 Patent and knowingly, intentionally, and actively induce others to infringe the same.

62. Anyone who makes, uses, sells, offers to sell, or imports Rabbit's Bunny Hop Support & Pocket directly infringes at least Claims 1, 2, 4, 5, 7, and 11 of the '510 Patent, literally or by the doctrine of equivalents; Rabbit has done each of those infringing acts. **Exhibit 13.**

63. Third parties, including resellers and end users, also offer, sell, or use the Bunny Hop Support & Pocket, likewise directly infringing Claims 1, 2, 4, 5, 7, and 11 of the '510 Patent.

64. Anyone who removably inserts an item into the back pocket on Bunny Hop Support & Pocket directly infringes Claim 9 of the '510 Patent.

65. As demonstrated in Rabbit's marketing material, it removably inserts items (like phones) into the back pocket of the Bunny Hop Support & Pocket, directly infringing Claim 9 of the '510 Patent. **Exhibit 7.**

66. As demonstrated by the Bunny Hop Support & Pocket's design and Rabbit's marketing materials for the same touting the product's infringing back pocket, Rabbit intentionally induces others to offer, sell, or use the product or removably insert items into the product's back pocket, either of which directly infringes the '510 Patent. **Exhibit 7.**

67. On information and belief, third parties including resellers and end-users have inserted and continue to insert items like phones into the pocket on the Bunny Hop Support & Pocket, directly infringing the '510 Patent.

68. Rabbit learned at least as early as September 23, 2022, that these activities directly infringe SherryWear's '510 Patent.

69. Nevertheless, Rabbit continues to make, offer, sell, import, and use the Bunny Hop Support & Pocket products in direct infringement of Claims 1, 2, 4, 5, 7, 9, and 11 of the '510 Patent and knowingly, intentionally, and actively induce others to infringe the same.

70. The foregoing actions constitute Rabbit's knowing, willful, and intentional past and ongoing direct and indirect infringement of the '510 Patent.

71. SherryWear has been and continues to be directly and proximately harmed by Rabbit's willful direct and induced infringement of the '510 Patent and is entitled to injunctive relief to prevent further harm and to damages adequate to compensate for Rabbit's infringement.

72. SherryWear is also entitled to enhanced damages and

reasonable attorney fees adequate to compensate for Rabbit's willful infringement and other conduct.

### COUNT III

**Direct and Indirect Infringement of the '800 Patent, 35 U.S.C. § 271**

73. SherryWear incorporates paragraphs 1-42 as if fully restated herein.

74. SherryWear is the lawful owner of and continues to maintain all right, title, and interest in and to the '800 Patent, including the right to sue thereon and the right to recover for infringement thereof.

75. Anyone who inserts an item removably into the back pocket of the Crop Hop Support & Pocket, the Crop Hop Support & Pocket Tech, the Strappy Pocket Bra, or the UtiliBRA-vo directly infringes Claims 1, 2, 4, 5, and 11 of the '800 Patent. **Exhibits 16, 18, 20, 22.**

76. As shown in Rabbit's marketing material wherein a phone is inserted into the back pockets of each of those products, Rabbit has used those products in a way that directly infringed Claims 1, 2, 4, 5, and 11 of the '800 Patent. **Exhibits 8, 9, 10, 11.**

77. On information and belief, Rabbit continues to so use those products, directly infringing Claims 1, 2, 4, 5, and 11 of the '800 Patent.

78. As demonstrated by those products' designs and Rabbit's marketing touting the back pocket's capability to receive items like phones, Rabbit intentionally induces others to removably insert items into the back pockets of those products and thus directly infringe the '800 Patent. **Exhibits 8, 9, 10, 11.**

79. On information and belief, third parties including resellers and end users have inserted and continue to insert items (like phones) into those products' back pockets, directly infringing Claims 1, 2, 4, 5, and 11 of the '800 Patent.

80. Anyone who inserts an item removably into the back pocket of the Bunny Hop Support & Pocket directly infringes Claims 1, 2, 4, 5, 7, 8, and 10 of SherryWear's '800 Patent.

81. As shown in Rabbit's marketing material wherein a phone is inserted into the back pocket of the Bunny Hop Support & Pocket, Rabbit has used the product in a way that directly infringed Claims 1, 2, 4, 5, 7, 8, and 10 of the '800 Patent. **Exhibit 7.**

82. On information and belief, Rabbit continues to so use the Bunny Hop Support & Pocket, directly infringing Claims 1, 2, 4, 5, 7, 8 and 10 of the '800 Patent.

83. On information and belief, third parties including resellers and end users have inserted and continue to insert items (like phones) into the Bunny Hop Support & Pocket's back pocket, directly infringing Claim 11, 2, 4, 5, 7, 8, and 10 of the '800 Patent.

84. As demonstrated by the Bunny Hop Support & Pocket's design and Rabbit's marketing touting the back pocket's capability to receive items like phones, Rabbit intentionally induces others to removably insert items into the back pockets of those products and thus directly infringe the '800 Patent. **Exhibit 7.**

85. Rabbit learned that these activities infringe the '800 Patent at least as early as September 23, 2022.

86. Nevertheless, Rabbit continues to knowingly, intentionally, and actively induce others to removably insert items into the back pocket of the Bunny Hop Support & Pocket and, on information and belief, continues to do so itself.

87. The foregoing constitutes Rabbit's knowing, willful, and intentional infringement of the '800 Patent.

88. SherryWear has been and continues to be directly and

proximately harmed by Rabbit's willful direct and induced infringement of the '800 Patent and is entitled to injunctive relief to prevent further harm and to damages adequate to compensate for Rabbit's infringement.

89. SherryWear is also entitled to enhanced damages and reasonable attorney fees adequate to compensate for Rabbit's willful infringement and other conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff SherryWear, LLC prays for judgment against Defendant Rabbit, LLC as follows:

1. Adjudging that Rabbit, LLC has directly infringed and actively induced infringement of each of the patents-in-suit in violation of 35 U.S.C. § 271;

2. Granting an injunction temporarily and preliminarily during the pendency of this action, and permanently thereafter, enjoining Rabbit, LLC and any subsidiaries, affiliates, parents, successors, assigns, officers, agents, servants, employees, attorneys, and all persons acting in concert or in participation therewith from infringing, contributing to the infringement of, and/or inducing infringement of the patents-in-suit.

3. Ordering Rabbit, LLC to account and pay damages adequate to compensate SherryWear for Rabbit, LLC's infringement of the patents-in-suit, including pre-judgment and post-judgment interests and costs, pursuant to 35 U.S.C. § 284;

4. Ordering an accounting for any infringing sales not presented at trial and an award by the Court of additional damages for any such infringing sales;

5. Ordering that the damages award be enhanced up to three-fold in accordance with 35 U.S.C. § 284;

6. Declaring this case exceptional and awarding SherryWear its

1  reasonable attorney fees in accordance with 35 U.S.C. § 285; and

2      7.    Awarding SherryWear any such other and further relief as this
3  Court deems just and proper under the circumstances.

**DEMAND FOR JURY TRIAL**

SherryWear demands a trial by jury of all matters to which it is so entitled under Fed. R. Civ. P. 38 and otherwise.

//

Dated: April 19, 2023

                        Respectfully submitted,

**CALDWELL**
/s/ *Lindsey Doncost*
Lindsey Doncost (SBN 333545)
lindsey@caldwellip.com
100 Wilshire Blvd Ste 1800
Santa Monica, CA 90401
(424) 229-2947
Andrew Alexander (BBO 710413)
(*pro hac vice* to be filed)
andrew@caldwellip.com
200 Clarendon, 59th Floor
Boston, MA 02116

*Attorneys for Plaintiff*